IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRITTANY L. TRAINOR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | No. |
| ) | |
| **EDWARD-ELMHURST HEALTH** ) | |
| **a/k/a EDWARD HOSPITAL,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, BRITTANY TRAINOR ("Plaintiff"), by her attorneys, BENJAMIN AND SHAPIRO, LTD., and for her Complaint at Law against the Defendant, EDWARD-ELMHURST HEALTH a/k/a EDWARD HOSPITAL ("Defendant"), she alleges as follows:

### INTRODUCTION

1. The Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-2(a)(1) and the Americans With Disabilities Act of 1990, 42 USC §12101 *et seq.* The Plaintiff contends that through its conduct, the Defendant discriminated against her based on her disability, a lung problem with which she was born, such that she was terminated from her position as a certified nursing assistant.

### JURISDICTION & VENUE

2. This Court has jurisdiction and venue over the subject matter of this civil action pursuant to 28 U.S. Code § 1331, which states as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

1

## PARTIES

3. The Plaintiff, BRITTANY TRAINOR, is a female who is a citizen of the United States and who is a resident of Plainfield, Illinois. At all times relevant to this suit she was employed by the Defendant in Naperville, County of DuPage and State of Illinois.

4. The Defendant EDWARD-ELMHURST HEALTH a/k/a EDWARD HOSPITAL is a corporation that is in the business of health care and medical care in the Village of Naperville, County of DuPage and State of Illinois.

## STATEMENT OF FACTS

5. On or about November 2019 the Defendant hired the Plaintiff as a Certified Nurses Assistant ("CNA").

6. At all times relevant hereto, the Plaintiff had a lung problem which she was born and that is classified as a disability.

7. The Plaintiff informed her supervisors of the defendant of the existence of her disability.

8. On or about March 21, 2020 the Plaintiff fell ill and upon doing so, consulted her physician who told her that she should not go to work and gave her an excused absence note.

9. On or about March 21, 2020 the Plaintiff gave the note to her supervisor, whose name is Gene Raider.

10. In March, 2020 the Plaintiff requested from Mr. Raider a leave of absence due to the Covid pandemic which was a reasonable accommodation

11. Mr. Raider granted the Plaintiff's request for brief of leave of absence.

12. However, for reasons unknown, Mr. Raider made it mandatory that the Plaintiff interview for other positions at the Defendant.

13. After several interviews, the Plaintiff was not selected for any of the positions for which she interviewed.

2

14. Thereafter, on or about July 30, 2020 the Defendant fired the Plaintiff from her CNA position at its premises on the purported basis that the Plaintiff was not showing up for work.

## COUNT ONE

**Discrimination Based on Disability in Violation of The Americans With Disabilities Act of 1990.**

18. Section 102 of the Americans With Disabilities Act states as follows:

> SEC. 102. DISCRIMINATION.
>
> (a) GENERAL RULE- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions ,and privileges of employment

19. The Plaintiff alleges that the Defendant's conduct in terminating the Plaintiff's employment was motivated by its discriminatory attitude on the basis of the Plaintiff's disabilities.

20. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

21. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her disability.

22. Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT TWO

**Disability-Based Discrimination in Violation of The Illinois Human Rights Act**

23. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 22, above.

24. The Illinois Human Rights Act, 775 ILCS 5/1-102 states as follows:

> (A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her disability, color, religion, sex, national origin, ancestry, age, order of protection status, marital

3

status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

25. As set out above, the Illinois Human Rights Act guarantees an individual's freedom from discrimination "against any individual because of his or her disability, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

26. Plaintiff's disability was the determining factor and/or a motivating factor in Defendant's actions.

27. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

28. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on disability.

29. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

### EEOC CHARGE OF DISCRIMINATION/RIGHT TO SUE

30. On January 11, 2021 the Plaintiff filed her "Charge of Discrimination" with the Equal Employment Opportunity Commission. A copy of the filed Charge of Discrimination" is attached hereto and is labeled **Exhibit A.**

31. Despite the fact that the "Determination and Notice of Rights" is dated February 4, 2022 **(Exhibit B),** the Plaintiff states that she did not receive the Determination and Notice of Rights until it

was mailed on or about May 6, 2022. See the copy of the envelope that is embodied in **Exhibit C.**

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for relief as follows:

1. For a declaration that the Defendant's actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendant's unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount in excess of $70,000.00.

4. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

6. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. 12101 §505.

7. For such other and further relief as this Court deems just and proper.

**BRITTANY TRAINOR**

By: **/s/ Scott Skaletsky**
**Scott Skaletsky**

**Scott Skaletsky**
**Benjamin and Shapiro, Ltd.**
**180 N. LaSalle Street, Suite 2600**
**Chicago, IL 606001**
**(312) 641-5944**
**(312) 641-3370 fax**
**ARDC #6181405**
**pleading@benshaplaw.com**